**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

-----

**No. 05-4686**

-----

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TAMARA SUE BLYTHE,

                                        Defendant - Appellant.

-----

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (CR-02-73)

-----

Submitted:  February 23, 2006          Decided:  March 1, 2006

-----

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

-----

Affirmed by unpublished per curiam opinion.

-----

David B. Betts, Columbia, South Carolina, for Appellant.  Amy
Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville,
North Carolina, Gretchen C. F. Shappert, OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

-----

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

At a June 2005 revocation hearing, Tamara Blythe admitted to violations of her supervised release. The district court revoked her supervised release and ordered her to serve eight months' imprisonment, a term within the applicable Sentencing Guidelines range. Blythe's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there exist no meritorious grounds for appeal. However, counsel addresses whether the district court erred by failing to expressly state that Blythe's sentence was imposed upon consideration of the sentencing factors[*] set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), notwithstanding the statement in the court's written judgment that the factors were considered. Although she was informed of her right to do so, Blythe elected not to file a pro se supplemental brief.

In accordance with United States v. Booker, 543 U.S. 220 (2005), a sentencing court should determine the sentencing range under the Guidelines, consider the factors under 18 U.S.C.A. § 3553(a), and impose a reasonable sentence within the statutory maximum. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "A sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." United

---

[*]Blythe did not object to the alleged omission at the sentencing hearing.

States v. Green, ___ F.3d ___, 2006 WL 267217, at \*5 (internal quotation marks and citation omitted).  With these principles in mind, we conclude that Blythe has not demonstrated plain error that affected her substantial rights.  See United States v. Olano, 507 U.S. 725, 731-32 (1993).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none.  Accordingly, we affirm the judgment of the district court.  This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED